IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS McCONNELL,<br><br>        Plaintiff,<br><br>    v.<br><br>NORFOLK SOUTHERN,<br><br>        Defendant. | C.A. No. 3:22-cv-98<br><br>**JUDGE KIM R. GIBSON**<br><br>**JURY TRIAL DEMANDED**<br><br>**ELECTRONICALLY FILED** |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties**.

   *Counsel for Plaintiff:*

   Robert E. Myers, Esquire
   rmyers@ckmo.com

   Lawrence A. Katz, Esquire
   lkatz@ckmo.com

   Coffey, Kaye, Myers & Olley
   Two Bala Plaza, Suite 718
   Bala Cynwyd, PA 19004-1514
   (610) 668-9800 (phone)
   (619) 667-3352 (fax)

   *Counsel for Defendant:*

   J. Lawson Johnston, Esquire
   ljohnston@dmclaw.com

   Scott D. Clements, Esquire
   sclements@dmclaw.com

   Maria V. Carr, Esquire
   mcarr@dmclaw.com

   Dickie, McCamey & Chilcote, P.C.
   Two PPG Place, Suite 400
   Pittsburgh, PA 15222-5402
   (412) 281-7272 (phone)
   (888) 811-7144 (fax)

2. **Set forth the general nature of the case**.

   Federal Employers' Liability Act, 45 U.S.C. §§ 51-60.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held on July 29, 2022. Lawrence A. Katz participated for Plaintiff and Scott D. Clements participated for Defendant.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

    August 17, 2022 at 11:00 AM. (Simultaneously, the parties are filing a consent motion to request that this conference be rescheduled due to the unavailability of trial counsel for Norfolk Southern on this date).

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

    Not applicable.

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    The parties have selected private mediation to be scheduled in early 2023, unless circumstance require the completion of Fact Discovery. The parties have agreed to the Hon. Eugene F. Scanlon (ret.) to serve as mediator in this case as set forth in the ADR Stipulation.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    None.

8.  **Subjects on which fact discovery may be needed.**

    The parties anticipate conducting discovery regarding the facts and circumstances of the alleged incident of February 24, 2020, the identity of relevant witnesses, the theories of liability and defense, and the nature and extent of Plaintiff's claimed injuries and damages. Defendant anticipates the need for a Rule 35 medical examination and possibly a vocational evaluation.

9.  **Set forth suggested dates for the following:**

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** August 31, 2022

b. **Date by which any additional parties shall be joined:** February 28, 2023

c. **Date by which the pleadings shall be amended:** February 28, 2023

d. **Date by which fact discovery should be completed:** April 28, 2023

e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

   The parties do not believe that phased discovery is needed. The parties agree, however, to a Post-Discovery Status Conference with the Court following the completion of Fact Discovery as set forth in Paragraph 12.

f. **Date by which plaintiff's expert reports should be filed:** N/A

g. **Date by which depositions of plaintiff's expert(s) should be completed:** N/A

h. **Date by which defendant's expert reports should be filed:** N/A

i. **Date by which depositions of defendant's expert(s) should be completed:** N/A

j. **Date by which third party expert's reports should be filed:** N/A

k. **Date by which depositions of third party's expert(s) should be completed:** N/A

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    At this time, the parties do not anticipate that any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff may seek to serve additional interrogatories after reviewing the locomotive inspection and repair records. The parties will work together to come to agreement on this, but if not, the parties will raise the issue with the Court, if necessary.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

   a. **ESI.** Is either party seeking the discovery of ESI in this case?
      ☐ Yes       **X** No [If "No," skip to sub-part (e) below.]

   b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

      ☐ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by _____
      _____
      _____
      ☐ Have developed an ESI discovery plan (as attached).
      ☐ Will have an ESI discovery plan completed by
      ☐ NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

   c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
      ☐ Yes       ☐ No

   d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
      ☐ Yes       ☐ No

   e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

      **X** Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
      ☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
      ☐ Are unable to agree on appropriate non-waiver language.

f.  **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐ Yes ☐ No

g.  **Other.** Identify all outstanding disputes concerning any ESI issues:
_____
_____
_____

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

The parties elect to schedule a Post-Discovery Status Conference following the completion of Fact Discovery as set forth in Paragraph 9.d.

a.  **Settlement and/or transfer to an ADR procedure;**

b.  **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

c.  **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

d.  **Dates by which parties' pre-trial statements should be filed;**

e.  **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

f.  **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

g.  **Dates proposed for final pre-trial conference;**

h.  **Presumptive and final trial dates.**

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    The parties do not anticipate the need for the Court to appoint a special master.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties believe that settlement is premature at this time pending the exchange of written discovery and documents, and possibly Plaintiff's deposition.

|  |  |
|---|---|
|  | Respectfully submitted, |
| COFFEY, KAYE, MYERS & OLLEY | DICKIE, McCAMEY & CHILCOTE, P.C. |
| By: /s/ Lawrence A. Katz<br>Robert E. Myers, Esquire<br>Lawrence A. Katz, Esquire<br>Two Bala Plaza, Suite 718<br>Bala Cynwyd, PA 19004-1514<br>(610) 668-9800<br><br>Counsel for Plaintiff,<br>Travis McConnell | By: /s/Scott D. Clements<br>J. Lawson Johnston, Esquire<br>Scott D. Clements, Esquire<br>Maria V. Carr, Esquire<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222-5402<br>(412) 281-7272<br><br>Counsel for Defendant,<br>Norfolk Southern Railway Company |